IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Brielle Davis, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Scott Lowery Law Office, P.C.; , | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Brielle Davis, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Brielle Davis ("Plaintiff"), is an adult individual residing in Greenville, NC, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Scott Lowery Law Office, P.C. ("Lowery"), is a CO business entity with an address of 4500 Cherry Creek South Drive, Suite 700, Denver, CO 80246, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The "Collectors" are individual collectors employed by the Lowery Law Firm and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Lowery at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of 1100.00 (the "Debt") to Bank of America (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Lowery for collection, or Lowery was employed by the Creditor to collect the Debt.

11. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Lowery Engages in Harassment and Abusive Tactics

12. Plaintiff began receiving telephone calls from Lowery concerning the Debt in September, 2010.

13. In October, 2010 Plaintiff informed Lowery that it could no longer draft her bank account for payment.

14. Lowery drafted Plaintiff's account even after she withdrew permission.

15. Lowery began calling Plaintiff at intervals as frequent as three times a day.

16. Without Plaintiff's permission, Lowery spoke to Plaintiff's mother, a third party, concerning Plaintiff's Debt.

17. Lowery called Plaintiff and left rude voicemails throughout October, 2010.

18. Lowery used vulgar language when speaking to Plaintiff.

**C. <u>Plaintiff Suffered Actual Damages</u>**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

24. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

25. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

26. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692f(5) in that Defendant caused charges to be made to the Plaintiff.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

32. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

33. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

34. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

35. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

36. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(2) in that Defendant used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

37. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances.

38. The Defendants' conduct violated N.C. Gen.Stat. § 75-53(1) in that Defendants unreasonably publicized information regarding a consumer's debt by communicating with a person other than the Plaintiff or his attorney.

39. The Defendants' conduct violated N.C. Gen.Stat. § 75-55 in that Defendant collected or attempted to collect a debt by use of unconscionable means.

40. The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

41. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

44. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

45. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47. Defendants could reasonably foresee it's conduct would cause mental anguish and severe emotional distress to Plaintiff.

48. Plaintiff did indeed suffer mental anguish and severe emotional distress including stress, and depression.

49. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of North Carolina.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the reckless and negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 27, 2011

        Respectfully submitted,

        By /s/ Stacie Watson

        Stacie Watson, Esq.
        North Carolina Bar #23890
        Law Office of Stacie Watson.
        P.O. Box 1412
        Apex, North Carolina 27502
        Telephone: (919) 522-6128
        Facsimile: (919) 439-5308

Email: swatsonattorney@bellsouth.net
Attorney for Plaintiff


Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666